## SAUNDERS v WIGGINS

Ohio Appeals, 5th Dist, Stark Co

No 1451.   Decided May, 1934

Black, McCuskey, Ruff & Souers, Canton, for plaintiff in error.

John D. Gardner, Steubenville, and Henry W. Petzinger, Kent, for defendant in error.

## OPINION

By LEMERT, J.

At the outset of this opinion, we desire to note that this is a companion case to the case of Delaware Q. Jennings, plaintiff v George B. Saunders et, which was tried in the Common Pleas Court of Stark County in May of 1932, and which subsequently came to this court on petition in error, under the title of George M. Saunders, plaintiff in error v Delaware Q. Jennings, defendant in error, being casue No. 1258. This court in our opinion, in that case affirmed the judgment of the court below and we are of the belief that inasmuch as the pleadings are almost identical, the evidence is almost identical, the issues are the same, and the errors complained of are almost the same, so that the rulings in the Jennings case are almost conclusive of the errors complained of in the instant case.

The errors complained of in the instant case are:   First, the court erred in refusing to direct a verdict for the defendant, which motion was made at the close of the plaintiff's case and at the conclusion of all the evidence.   Second, the testimony does not sustain the verdict.   Third, the court erred in its admission of evidence offered by the plaintiff.   And, fourth, the court erred in its charge to the jury.

The first and second claimed grounds of error we find are not well taken and that the verdict is not manifestly against the weight of the evidence, and there is sufficient evidence in the record to sustain the verdict.

On the third claimed ground of error, to-wit: the court erred in the admission of evidence offered by the plaintiff, the substance of the contention of plaintiff in error is that the plaintiff below called a witness named Fred Beech in his case in chief, and the evidence discloses that about fifteen hundred feet north of the point of the collision, Beech was riding in his car, traveling in the same direction in which the plaintiff was traveling, and that the plaintiff's Dodge car passed Beech's car going around it at the left; that Beech had a tail light on and that the plaintiff's

car continued on towards Greentown, as did the witness Beech, who shortly came upon the accident. The physical fact is conclusive that it took Beech, the witness, only the length of time necessary to travel fifteen hundred feet, at the rate of twenty-five miles an hour, which would be approximately forty seconds, to go from the point where the plaintiff passed him to the scene of the accident.

Under this state of facts, plaintiff asked the witness Beech if he had a conversation with the driver of the truck immediately when he arrived, and this was offered upon the theory that any statement made by the driver would be a part of the res gestae. However, the court at the time that this testimony was offered by the plaintiff in his case in chief, sustained the objection of the defendant and thus the only answer given by the witness was as follows:

"Q. Now, Mr. Beech, without saying what the conversation was when you arrived at the scene of the accident, did you have some conversation with the driver of the truck?

A. I did."

Plaintiff offered to prove that the witness, if permitted to answer, would answer that immediately upon arriving at the scene of the accident, he met the truck driver coming down out of the cab and said to the truck driver:

"It looks as though you were in bad with your lights." to which the driver replied, "My lights are out of commission."

The offer to prove was overruled and the plaintiff excepted.

Later the defendant put the truck driver, Victor Stewart, on the witness stand and he testified on several occasions that his lights were burning on the rear of his truck. In cross-examination, this witness was asked the following question:

"Q. I will ask the question now—within a minute or so or maybe less than that, after the crash, I want you to tell this jury whether or not Mr. Beech saw you as you got out of the cab of your truck and said to you in substance, "It looks like you were in bad with no tail lights," and you said to Mr. Beech, "My lights were out of commission."

A. I did not."

Thereupon, in rebuttal, Fred Beech was called as a witness by the plaintiff and the following question was asked:

"Q. I want to ask you, as he was getting out of the cab, whether or not you said to him in substance, "It looks like as if you were in bad with no tail lights."

OBJECTION

A. And he in reply thereto said to you, "My lights were out of commission."

OBJECTION
OVERRULED
EXCEPTION

A. Yes."

Counsel for plaintiff in error strenuously insist that the admission of the above testimony was erroneous. With this contention we do not agree. The vital issue in this case was whether or not there were tail lights upon the rear of the truck. The driver of the truck having testified that he did have lights, then it became extremely important, if possible, to the plaintiff, to impeach the testimony of the witness Stewart upon this proposition, and surely, if this witness, immediately after the accident or at any other time, had told Beech, or any other witness, that his lights were out of commission at the time of the accident, the witness Stewart could be asked if he made such a statement in direct conflict with his testimony, and upon denying the same, the witness could be called in rebuttal to impeach him.

On the fourth claimed ground of error, to-wit: error in the charge of the court, it is claimed by plaintiff in error that the court did not fully define the issues in the instant case. A careful examination of this charge discloses the fact that the plaintiff in error, defendant below, before the general charge of the court to the jury, presented certain requests on behalf of defendant below to charge, which were given by the court. A careful examination of this charge convinces us that the court below, in view of the record in this case as presented by the pleadings and the evidence, very clearly, fully and fairly defined to the jury the issues in the instant case. We find no error in the charge of the court.

It therefore follows that the finding and judgment of the court below will be and the same is affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.